1  J. SCOTT GERIEN, State Bar No. 184728
   MEGAN F. HEALY, State Bar No. 229177
2  DICKENSON, PEATMAN & FOGARTY
   809 Coombs Street
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for Plaintiff
   REBEL WINE CO. LLC



ORIGINAL FILED
FEB - 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Rebel Wine Co. LLC, | CASE NO. C07-00724 PJH ADR |
|---|---|
| Plaintiff, | COMPLAINT |
| vs. | 1. Federal Trademark Infringement |
| Great Wines International, Inc. | 2. Federal Unfair Competition |
| Defendant. | 3. California Trademark Infringement |
| | 4. California Unfair Competition |
| | 5. California False or Misleading Statements |
| | 6. Common Law Trademark Infringement |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Rebel Wine Co. LLC, a California limited liability company ("Plaintiff"), for its complaint against Defendant, Great Wines International, a Delaware corporation ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), unfair competition (15 U.S.C. §1125(a)), violation of the California Business and Professions Code for trademark infringement (Cal. Bus. & Prof. Code §14335), unfair competition (Cal. Bus. & Prof. Code §17200) and the dissemination of false and misleading statements (Cal. Bus. &

COMPLAINT                                1

Prof. Code §17500), and common law trademark infringement, as the result of willful and unauthorized use by Defendant of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Rebel Wine Co. LLC. is a California limited liability company with its principal place of business located at 100 St. Helena Hwy. South, St. Helena, California 94574.

3. Upon information and belief, Defendant Great Wines International, Inc. is a Delaware corporation with its principal place of business located at 363 W. Sixth Street, San Pedro, California 90731.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of the trademark BANDIT for wine, as well as the owner of U.S. Trademark Application Serial No. 78/805267 for the trademark BANDIT for wine in International Class 33. Plaintiff has used the BANDIT mark on and in association with wine since as early as 2004, prior to the acts of Defendant complained of herein.

8. Plaintiff's BANDIT mark is arbitrary when used in association with wine and therefore inherently distinctive.

9. Plaintiff is the owner of the trademark WINE BANDITS for wine, as well as the owner of the allowed U.S. Trademark Application Serial No. 78/628563 for WINE BANDITS for wines in International Class 33.

10. Plaintiff is also the owner of U.S. Trademark Registration No. 2,976,038 for the trademark THREE THIEVES BANDIT BIANCO for wine in International Class 33. Such registration is valid and subsisting and pursuant to such registration, Plaintiff's THREE THIEVES BANDIT BIANCO mark is presumed to be distinctive (Plaintiff's BANDIT, WINE BANDITS, and THREE THIEVES BANDIT BIANCO marks are collectively referred to hereinafter as "BANDIT Marks").

11. Plaintiff produces three different varietals of wine under its BANDIT brand, Cabernet Sauvignon, Merlot, and Pinot Grigio, and these BANDIT brand wines are offered for sale to the public throughout the United States. Since its inception in 2004, Plaintiff has sold over 1.8 million containers of BANDIT brand wine.

12. Since 2004, Plaintiff's dollar sales of its BANDIT brand have been in excess of three million dollars ($3,000,000). In the past six months alone, Plaintiff's sales of its BANDIT wine have been in excess of one million dollars ($1,000,000).

13. Plaintiff's BANDIT brand wines have been reviewed or featured in many national publications, a small sampling of which includes *The New York Times, San Francisco*

*Chronicle, Bon Appetit, The Midwest Wine Connection, Indianapolis Monthly, Red Eye* – an edition of the *Chicago Tribune, Slate, Epic, Men's Vogue, New York Press, Wine Enthusiast, ShelfImpact!, BeverageDaily.com, Brand Packaging, Wine Business Monthly,* and *MSNBC.com.* This widespread media coverage of Plaintiff's BANDIT brand is further evidence of the strength of its BANDIT Mark.

14. As evidenced by Plaintiff's sales and the media attention for the BANDIT wine, Plaintiff owns extremely valuable goodwill in its BANDIT Marks.

15. Upon information and belief, Defendant, Great Wines International, Inc. is an importer and distributor of wines from a variety of foreign countries, including Spain. Upon information and belief, the wines imported and sold by Defendant are regularly available in this District.

16. In November of 2006, Plaintiff discovered that Defendant had received three (3) Certificates of Label Approval from the Alcohol and Tobacco Tax and Trade Bureau for the importation of wine produced and bottled in Spain and bearing the mark BANDIDO.

17. Defendant's BANDIDO mark is confusingly similar to Plaintiff's BANDIT Marks given that the marks are virtually identical in sight and sound, and are identical in meaning as BANDIDO is the Spanish translation of the English term "Bandit." In addition, the goods offered by Defendant under its mark, namely, wine, are identical to those which Plaintiff offers under its BANDIT Marks, and travel through the same distribution channels and are advertised in the same marketing channels as Plaintiff's BANDIT wine.

18. Plaintiff has advised Defendant of Plaintiff's common law trademark rights in the BANDIT Mark and its trademark registration and rights in the THREE THIEVES BANDIT BIANCO mark and has requested that Defendant cease use of the confusingly

COMPLAINT                                                    4

similar BANDIDO mark. However, Defendant has indicated that it does not intend to cease use of the BANDIDO mark despite repeated demands from Plaintiff and has intentionally continued to infringe Plaintiff's BANDIT Marks.

19. Continued use of the BANDIDO mark by Defendant is likely to confuse consumers into believing that Defendant's BANDIDO brand wines are affiliated with, associated with, connected to, or sponsored by Plaintiff, and Defendant will unjustly benefit from such association.

20. Upon information and belief, Defendant plans on continuing to advertise and sell the BANDIDO brand wine. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using such mark, wherefore Plaintiff is without adequate remedy at law.

21. Defendant's infringing use of the confusingly similar BANDIDO mark has financially harmed Plaintiff by diminishing the value of Plaintiff's BANDIT Marks, and Defendant's infringing use of the BANDIDO mark has increased the profitability of Defendant's BANDIDO brand to the detriment of Plaintiff.

22. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

### FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

23. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

24. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or

mistake as to source, sponsorship or approval of the Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

25. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

26. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the Defendant's services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

## THIRD CAUSE OF ACTION

(State Trademark Infringement under Cal. Bus. & Prof. Code §14335)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

28. The Defendant's above-averred actions constitute infringement upon a mark registered under Title 15 of the United States Code in violation of Cal. Bus. & Prof. Code §14335.

## FOURTH CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

29. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

30. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FIFTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## SIXTH CAUSE OF ACTION

(Common Law Trademark Infringement)

33. Plaintiff restates and reavers the allegations of Paragraphs 1 through 22, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

34. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a. Using the mark BANDIDO, or terms or marks confusingly similar to Plaintiff's BANDIT Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine or related goods or services;

b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the services or goods of the Defendant originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2. That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

3. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, packaging, labels, corks, bottles and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

5. That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

6. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: 2/2/06

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan F. Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Rebel Wine Co. LLC

COMPLAINT                                    9

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: 2/2/06

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By: _____
J. Scott Gerien
Megan F. Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Rebel Wine Co. LLC