J. SCOTT GERIEN, State Bar No. 184728
MEGAN F. HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
REBEL WINE CO. LLC



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rebel Wine Co. LLC,** a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>**Great Wines International, Inc.,** a Delaware Corporation<br><br>Defendant. | CASE NO. C07 – 00724 PJH ADR<br>Hon. Judge Phyllis J. Hamilton<br><br>[~~PROPOSED~~] **CONSENT JUDGMENT** |

This matter has been presented to the Court by and with the consent of Plaintiff, Rebel Wine Co. LLC ("Rebel Wine"), and the Defendant Great Wines International, Inc. ("Defendant"), the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED:

    1.    This Court has jurisdiction over the parties hereto and over the subject matter hereof.

    2.    Since prior to the acts of the Defendant complained of herein, Rebel Wine has been engaged in the business, <u>inter alia</u>, of producing and selling wine under the trademark BANDIT to consumers throughout the United States.

3. Rebel Wine has used the BANDIT mark on and in association with wine since as early as 2004.

4. Since 2004, Rebel Wine has sold over 1.8 million containers of BANDIT brand wine and Rebel Wine's dollar sales of its BANDIT brand have been in excess of three million dollars ($3,000,000).

5. Rebel Wine's BANDIT brand wine has been the subject of widespread media coverage since its inception in 2004 and has been reviewed or profiled in many national publications, including *The New York Times, San Francisco Chronicle, Bon Appetit, Slate, Men's Vogue, New York Press, Wine Enthusiast, Wine Business Monthly*, and *MSNBC.com*.

6. By virtue of the aforesaid extensive use, sales revenues, and media attention for the BANDIT wine, and prior to the acts of the Defendant which are the subject of this action, Rebel Wine's aforesaid BANDIT trademark has become well known among consumers and has developed extremely valuable goodwill.

7. Rebel Wine is the owner of U.S. Trademark Application Serial No. 78/805267 for the trademark BANDIT for wine in International Class 33, as well as the owner of U.S. Trademark Application Serial No. 78/628563 for the trademark WINE BANDITS for wine in International Class 33.

8. Rebel Wine is also the owner of U.S. Trademark Registration No. 2,976,038 for the trademark THREE THIEVES BANDIT BIANCO for wine in International Class 33. Such registration is valid and subsisting and pursuant to such registration, Rebel Wine's THREE THIEVES BANDIT BIANCO mark is presumed to be distinctive (Rebel Wine's BANDIT, WINE BANDITS, and THREE THIEVES BANDIT BIANCO marks are collectively referred to hereinafter as "BANDIT Marks").

9. Rebel Wine now owns a most valuable goodwill which is symbolized by each of the BANDIT Marks, and the use of each of these trademarks substantially increases the value of the Rebel Wine company and that of the goods sold by Rebel Wine under such marks.

10. Subsequent to the inception of Rebel Wine's BANDIT brand wine, Defendant applied for and received three (3) Certificates of Label Approval from the Alcohol and Tobacco Tax and Trade Bureau for the importation of wine produced and bottled in Spain and bearing the mark BANDIDO.

11. Defendant's BANDIDO mark is confusingly similar to Rebel Wine's BANDIT Marks given that the marks are virtually identical in sight and sound, and are identical in meaning as BANDIDO is the Spanish translation of the English term "Bandit." In addition, the goods offered by Defendant under its mark, namely, wine, are identical to those which Rebel Wine offers under its BANDIT Marks, and travel through the same distribution channels and are advertised in the same marketing channels as Rebel Wine's BANDIT wine.

12. Defendant Great Wines International, Inc., and all others who are officers, partners, agents, servants, employees, and attorneys, and all in active concert or participation with Defendant, are permanently enjoined from:

   a. importing, selling, or distributing wine labeled with the mark BANDIDO, or otherwise using the BANDIDO trademark on or in association with wine or related products or services;

   b. importing, selling, or distributing wine labeled with a name or mark consisting in whole or in part of the mark BANDIDO, or otherwise using any name, mark or logo, consisting in whole or in part of the words "BANDIT" or "BANDIDO," or any foreign translation of the same, on or in association with wine or related products or services;

   c. importing, selling, or distributing wine labeled with a name or mark consisting in whole or in part of any portion of the BANDIT Marks, or otherwise using any

other name, mark or logo which is a reproduction, counterfeit, copy or colorable imitation of any of Rebel Wine's BANDIT Marks on or in association with wine or related products or services;

  d. doing any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, its services, or products emanate from Rebel Wine or are connected with, sponsored by or approved by Rebel Wine; and,

  e. doing any other act or thing likely to dilute the distinctiveness of Rebel Wine's BANDIT Marks.

  13. Notwithstanding the foregoing, Defendant shall be allowed until March 31, 2008 to sell through its remaining two thousand cases (2000) of wine presently labeled with the BANDIDO trademark. Any BANDIDO brand wine currently in Defendant's possession which is in excess of such 2000-case limit, together with any BANDIDO wine inventory remaining unsold by Defendant as of April 1, 2008, shall be re-labeled or destroyed, and Defendant shall advise Rebel Wine in writing of the disposition of such product by April 15, 2008.

  14. Defendant expressly agrees to pay, all costs and fees, including legal fees, that Rebel Wine incurs should it become necessary to enforce the terms of this Consent Judgment before the Court, including but not limited to, costs incurred or associated directly or indirectly with filing or otherwise bringing any claim, motion, cause of action, suit, rule to show cause or contempt motion for purposes of enforcing any term or provision of this Consent Judgment.

SO ORDERED:

Dated: _____

_____
United Stated District Judge

CONSENTED TO:
REBEL WINE CO. LLC
By: _____
Name: Robert Torkelson
Title: Chairman
Date: _____

GREAT WINES INTERNATIONAL, INC.
By: _____
Name: Jeremy Wilkinson
Title: CEO
Date: 3/28/2007

other name, mark or logo which is a reproduction, counterfeit, copy or colorable imitation of any of Rebel Wine's BANDIT Marks on or in association with wine or related products or services;

       d.    doing any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, its services, or products emanate from Rebel Wine or are connected with, sponsored by or approved by Rebel Wine; and,

       e.    doing any other act or thing likely to dilute the distinctiveness of Rebel Wine's BANDIT Marks.

13.    Notwithstanding the foregoing, Defendant shall be allowed until March 31, 2008 to sell through its remaining two thousand cases (2000) of wine presently labeled with the BANDIDO trademark. Any BANDIDO brand wine currently in Defendant's possession which is in excess of such 2000-case limit, together with any BANDIDO wine inventory remaining unsold by Defendant as of April 1, 2008, shall be re-labeled or destroyed, and Defendant shall advise Rebel Wine in writing of the disposition of such product by April 15, 2008.

14.    Defendant expressly agrees to pay, all costs and fees, including legal fees, that Rebel Wine incurs should it become necessary to enforce the terms of this Consent Judgment before the Court, including but not limited to, costs incurred or associated directly or indirectly with filing or otherwise bringing any claim, motion, cause of action, suit, rule to show cause or contempt motion for purposes of enforcing any term or provision of this Consent Judgment.

SO ORDERED:

Dated: 4/6/07

_____
United Stated District Judge
Judge Phyllis J. Hamilton

IT IS SO ORDERED

CONSENTED TO:
REBEL WINE CO., LLC
By: _____
Name: Robert Torkelson
Title: Chairman
Date: March 29, 2007

GREAT WINES INTERNATIONAL, INC.
By: _____
Name: Jeremy Wilkinson
Title: _____
Date: _____

Case No. C 07 – 00724 PJH ADR                    4
Consent Judgment

## PROOF OF SERVICE

I declare that I am over the age of 18 years, employed in the County of Napa, and not a party to the within action; my business address is 809 Coombs Street, Napa, California 94559.

On April 4, 2007, I placed a copy of the following document(s):

- **[PROPOSED] CONSENT JUDGMENT**

in a sealed envelope addressed as shown below and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

The persons served are as follows:

> **Jeremy J. Wilkinson**
> **Great Wines International, Inc.**
> **363 W. Sixth Street**
> **San Pedro, CA 90731**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 4, 2007, at Napa, California.

Jaymie Kilgore
Legal Secretary